IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TERESA MAGUIRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | FILE No. 5:20-cv-102 |
| BW GALLERIA, LLC, ) | |
| d/b/a GALLERIA OAKS, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW, TERESA MAGUIRE, by and through the undersigned counsel, and files this, her Complaint against Defendant BW GALLERIA. LLC, d/b/a GALLERIA OAKS, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows the Court as follows:

## JURISDICTION

1. The Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff TERESA MAGUIRE (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in San Antonio, Texas

1

(Bexar County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights, monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others, and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon the Court so an injunction can be issued correcting the numerous ADA violations on the Property, including returning to the Property as soon as it is accessible ("Advocacy Purposes")."

7. Defendant BW GALLERIA, LLC d/b/a GALLERIA OAKS (hereinafter "GALLERIA OAKS") is a Limited Liability Company that transacts business in the state of Texas and within the judicial district.

8. GALLERIA OAKS may be properly served with process through its registered agent, to wit: Stacy Ellis, 10735 Mesquite Flat, Helotes, Texas 78023.

**FACTUAL ALLEGATIONS**

9. On or about November 23, 2020, Plaintiff was a customer at "Tang Street

Chinese" a business located at 16111 San Pedro Avenue, San Antonio, Texas 78232, referenced herein as the "Tang Street."

10. GALLERIA OAKS is the owner or co-owner of the real property and improvements that the Tang Street is situated upon and that is the subject of the action, referenced herein as the "Property."

11. Plaintiff lives approximately 8 miles from the Tang Street and Property.

12. Plaintiff's access to the business(es) located at 16111 San Pedro Avenue, San Antonio, Bexar County Property Identification numbers 282839 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Tang Street and Property, including those set forth in her Complaint.

13. Plaintiff has visited the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting the Property within six months or sooner, as soon as the barriers to access detailed in her Complaint are removed and the Property is accessible again. The purpose of the revisit is to be a regular customer, to determine if and when the Property is made accessible and to maintain standing for her lawsuit for Advocacy Purposes.

14. Plaintiff intends to revisit the Tang Street and Property to purchase goods and/or services.

15.     Plaintiff travelled to the Tang Street and Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at the Tang Street and Property that are detailed in her Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Tang Street and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

16.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

17.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and the number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

    (v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

18. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

19. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

20. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

21. The Tang Street is a public accommodation and service establishment.

22. The Property is a public accommodation and service establishment.

23. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the

Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

24.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

25.     The Tang Street must be, but is not, in compliance with the ADA and ADAAG.

26.     The Property must be, but is not, in compliance with the ADA and ADAAG.

27.     Plaintiff has attempted to, and has to the extent possible, accessed the Tang Street and the Property in her capacity as a customer of the Tang Street and Property and as an independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Tang Street and Property that preclude and/or limit her access to the Tang Street and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in her Complaint.

28.     Plaintiff intends to visit the Tang Street and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Tang Street and Property and as an independent advocate for the disabled, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA

violations that exist at the Tang Street and Property that preclude and/or limit her access to the Tang Street and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in her Complaint.

29. Defendant has discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Tang Street and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

30. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Tang Street and Property, including those specifically set forth herein, and make the Tang Street and Property accessible to and usable by Plaintiff and other persons with disabilities.

31. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Tang Street and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Tang Street and Property include, but are not limited to:

    **(a)**   **ACCESSIBLE ELEMENTS:**

    (i) In front of Unit 123, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of

section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii) In front of Unit 123, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of section 406.5 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(iii) In front of Unit 123, there is vertical rise in excess of ¼" at the top of the accessible ramp in violation of Section 303.2 and 405.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access public features of the Property.

(iv) At the threshold to the accessible entrances to Units 113 and 120, there is an approximately 2 (two) inch vertical rise at the entrance doorway in violation of section 404.2.5 of the 2010 ADAAG standards. This violation would make it difficult and very dangerous for Plaintiff to enter and exit these units.

(v) The doorway of the accessible entrances at Units 113 and 120 are not level in violation of section 404.2.4.4 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(vi) As a result of the barrier to access at Units 113 and 120, these Units are not on an accessible route and are inaccessible in violation of section 206.2.1 and 206.4 of the 2010 ADAAG Standards. This violation would make it so Plaintiff would be unable to access these units.

(vii) At multiple units of the Property, including Unit 100, Nationwide and E Property Realty, there is a doorway threshold with a vertical rise in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2 in violation of section 404.2.5 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the interior of the Property.

(viii) For all units of the property, the doorway of the accessible entrance is not level in violation of section 404.2.4.4 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(ix) Due to the violations set forth in (d- h), there is not at least one accessible entrance to each tenant space in the building that complies with section 404 of the 2010 ADAAG standards which is a violation of section 206.4.5 of the 2010 ADAAG Standards.

(x) The Property lacks signage identified by the International Symbol of Accessibility that indicates the location of the nearest entrance complying with section 404 of the 2010 ADAAG standards, if such an entrance exists. This policy decision by Defendant(s) violates section 216.6 of the 2010 ADAAG Standards. This violation would make it difficult for Plaintiff to find an accessible entrance.

(xi)   The Property lacks an access route from site arrival points such as the public streets and sidewalks to the accessible entrances in violation of section 206.2.1 of the 2010 ADAAG standards.

(xii)   Near Unit 107, the accessible parking space is not located on the shortest distance to the accessible route leading to the accessible entrances in violation of section 208.3.1 of the 2010 ADAAG Standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(xiii)   Near Unit 107, the access aisle to the accessible parking space is not clear or level due to the presence of handrails and a step protruding into the access aisle and the space directly above the access aisle in violation of section 502.7 of the 2010 ADAAG Standards.

(xiv)   Near E Property Realty, the access aisle and the accessible parking space are not level due to the presence of an accessible ramp in the access aisle and the accessible parking space in violation of section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xv)   Near E Property Realty, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of section 406.5 of the 2010 ADAAG Standards.  This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(xvi)   Near E Property Realty, the accessible parking space is missing an identification sign, due to a failure to enact a policy of proper maintenance, in

violation of section 502.6 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(xvii) Near E Property Realty, due to a cross-slope exceeding 1:48 at the top of the ramp, the landing at the top of the accessible ramp does not have a level landing in violation of section 406.4 of the 2010 ADAAG standards. This violation would make it difficult and dangerous for Plaintiff to access the Property.

(xviii) Near E Property Realty, just after the accessible ramp leading from the accessible parking space, due to a misaligned piece of cement and a failure to enact an adequate policy of maintenance, there is a vertical rise in excess of ¼ inch along the accessible route or path in violation of Section 303.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access public features of the Property.

(xix) There is an inadequate number of accessible parking spaces in violation of section 208.2 of the 2010 ADAAG standards. There are a total of 141 parking spaces at the Property, which requires a total of five (5) accessible parking spaces, but there are only four (4) accessible parking spaces. This violation would make it difficult for Plaintiff to locate an accessible parking space that was open.

32. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Tang Street and Property.

33. Plaintiff requires an inspection of Tang Street and Property in order to determine all of the discriminatory conditions present at the Tang Street and Property in violation of the ADA.

34. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35. All of the violations alleged herein are readily achievable to modify to bring the Tang Street and Property into compliance with the ADA.

36. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Tang Street and Property is readily achievable because the nature and cost of the modifications are relatively low.

37. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Tang Street and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

38. Upon information and good faith belief, the Tang Street and Property have been altered since 2010.

39. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

40. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and

until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Tang Street and Property, including those alleged herein.

41. Plaintiff's requested relief serves the public interest.

42. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

43. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

44. Pursuant to 42 U.S.C. § 12188(a), the Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Tang Street and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Tang Street in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Tang Street to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: February 3, 2021.

Respectfully submitted,

/s/  Dennis R. Kurz
Dennis R. Kurz
*Attorney-in-Charge for Plaintiff*
Texas State Bar ID No. 24068183
Kurz Law Group, LLC
4355 Cobb Parkway, Suite J-285
Atlanta, GA 30339
Tele: (404) 805-2494
Fax: (770) 428-5356
Email: dennis@kurzlawgroup.com